UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN ILIESCU JR. AND SONNIA SANTEE ILIESCU, as Trustees of the JOHN ILIESCU JR. AND SONNIA ILIESCU 1992 FAMILY TRUST AGREEMENT; JOHN ILIESCU, JR., individually, SONNIA SANTEE ILIESCU, individually,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN SCHLEINING; and DOES 1 thru XX,<br><br>Defendants. | Case No. 3:18-cv-00601-LRH-CBC<br><br>ORDER |

Before the court is defendant John Schleining's motion to dismiss the complaint arguing that the action is barred by the two-dismissal rule. ECF No. 9; Errata, ECF No. 11. Plaintiffs, John Iliescu Jr. and Sonnia Santee Iliescu, individually and as Trustees of the John Iliescu Jr. and Sonnia Iliescu 1992 Family Trust Agreement (collectively "plaintiffs" or "Iliescu") opposed the motion (ECF No. 17), and defendant replied (ECF No. 30). In conjunction with defendant's motion, he filed a request for judicial notice (ECF No. 8), to which plaintiffs responded (ECF No. 16), and defendant replied (ECF No. 29). Plaintiffs likewise filed a request for judicial notice (ECF No. 21), to which defendant filed a non-opposition (ECF No. 28). Because the two-discovery rule does not bar plaintiffs from bringing this action, the court denies defendant's motion to dismiss.

///

///

1

**I.     BACKGROUND**

The facts pertaining to this motion stem from two legal actions filed in the Second Judicial District Court of the State of Nevada. Numerous documents were filed in both actions, and one action progressed to and was decided by the Nevada Supreme Court. Given the aforementioned, the court relies on those publicly recorded court documents in compiling a full procedural history leading up to the instant action,[1] as well as the facts as alleged by plaintiffs in their complaint.

> In July 2005, [plaintiffs] John Iliescu, Jr., individually, and Sonnia Iliescu and John Iliescu, Jr., as trustees of the John Iliescu, Jr., and Sonnia Iliescu 1992 Family Trust Agreement (collectively, Iliescu) entered into a Land Purchase Agreement to sell four unimproved parcels in downtown Reno to Consolidated Pacific Development (CPD) for development of a high-rise, mixed use project to be known as Wingfield Towers. The original agreement was amended several times and, as finally amended, entitled Iliescu to over $7 million, a condominium in the development, and several other inducements.

*Iliescu v. Steppan*, 394 P.3d 930, 932 (Nev. 2017). In September 2005, plaintiffs retained the Hale, Lane, Peek, Dennison and Howard law firm ("Hale Lane") to "review, fine tune, clarify, and in all respects, advise the Iliescus" regarding the Purchase Agreement. ECF No. 1 ¶ 25. Plaintiffs allege that one addendum to the Purchase Agreement, prepared by Hale Lane, provided that "CPD was to indemnify, defend, and hold harmless the [plaintiffs] from any lien claims against the Property, or costs and expenses incurred by the sellers, due to any work Buyer caused to be performed." *Id.* ¶ 27.

---

[1] Defendant and plaintiffs requested the court take judicial notice of numerous public documents filed in two related state court proceedings, case numbers CV07-00341 (the "Steppan Lien Litigation") and CV15-01388 (the "second state court litigation"). Because plaintiffs' request for judicial notice (ECF No. 21) was unopposed and all documents contained therein are publicly recorded court documents from related Nevada state court cases, plaintiffs' motion is hereby granted. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (the court "may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotations and citations omitted)). While plaintiffs conceded that the court could take judicial notice of the publicly recorded state court documents contained within defendant's motion for judicial notice (ECF No. 8), plaintiffs asked the court to "exercise caution and discretion with respect to accepting the veracity of any statements made in the filings of which it takes judicial notice at this time[.]" ECF No. 16 at 3. As the court can take judicial notice of pleadings and orders arising out of the related state court proceedings, and because it would be unjust to allow plaintiffs to cherry pick which of the state court filings the court should take judicial notice of, the court grants defendant's motion for judicial notice (ECF No. 8). However, the court is cognizant of the record of appeals and reconsiderations in the related state court actions and considers that relevant procedural history for the instant action.

"During escrow, CPD assigned the Land Purchase Agreement to an affiliate, BSC Investments, LLC (BSC). BSC negotiated with a California architectural firm, Fisher Friedman Associates, to design the Wingfield Towers. . . . Mark Steppan, a Fisher Friedman employee who is an architect licensed in Nevada, served as the architect of record for Fisher Friedman." *Iliescu*, 394 P.3d at 932. Plaintiffs allege that an additional indemnity agreement was signed by defendant Schleining on December 8, 2006, which provided that he, jointly and severally with others listed,[2] would "indemnify, defend, protect and hold Iliescu harmless against all damages, losses, expenses, costs, liabilities . . ." and "pay all attorney's fees and costs incurred to contest and discharge the Mechanic's Lien." ECF No. 1 ¶ 41. "Financing for the Wingfield Towers project was never obtained, escrow never closed, and no onsite improvements were ever performed on the property. When the escrow was canceled, Iliescu's unimproved property was subject to Steppan's multimillion dollar lien claim for the unpaid invoices submitted to BSC." *Iliescu*, 394 P.3d at 932.

In February 2007, plaintiffs sought release from Steppan's mechanic's lien in Nevada's Second Judicial District Court, case number CV07-00341. ECF No. 1 ¶ 43. Steppan then filed his own action before the state court to foreclose on his mechanic's lien, case number CV07-01021. *Id.* ¶ 45. These two cases, consolidated into case number CV07-00341, are referred to as the "Steppan Lien Litigation". *Id.* ¶ 45. When plaintiffs filed their answer to Steppan's complaint, Iliescu filed a third-party complaint against Schleining to enforce the indemnity agreement, and for malpractice and negligence against Hale Lane and individual lawyer defendants. ECF No. 8-4.[3] The Honorable District Court Judge Brent Adams initially presided over the litigation and did not require either Steppan or the Iliescus to file early case conference reports, as was required of a plaintiff under Nevada Rule of Civil Procedure ("NRCP") 16.1 (pre March 2019 Amendments). *See* ECF No. 18, Ex. L. In 2011, Judge Adams recused himself, and the case was reassigned to the Honorable District Court Judge Steven Elliott. ECF No. 18, Ex. F; ECF No. 18, Ex. L.

---

[2] Plaintiff alleges that fellow indemnifiers, BSC, filed for Chapter 11 bankruptcy protection and the company was later administratively dissolved in 2008, and Calvin Baty filed for bankruptcy protection and discharge was granted in 2010. ECF No. 1 ¶¶ 47-48.

[3] Other third-party defendants were named in plaintiffs' third-party complaint, but they are not pertinent to the instant action.

In July 2011, Hale Lane filed a supplement to a motion for summary judgment, arguing that because Iliescu had failed to file a case conference report within 30 days of each case conference in violation of NRCP 16.1(c), the claims against them should be dismissed pursuant to NRCP 16.1(e). ECF No. 18, Ex. G. Judge Elliott granted Hale Lane's motion in part because Iliescu had failed to file their NRCP 16.1(c) reports. ECF No. 18, Ex. H. Three days later, Iliescu filed their own motion to dismiss Steppan's complaint, arguing that Steppan had also failed to file the required case conference reports pursuant to NRCP 16.1(c). ECF No. 18, Ex. I. Similarly, Judge Elliott granted Iliescu's motion and Steppan's claims against Iliescu were dismissed without prejudice pursuant to NRCP 16.1(e)(2). ECF No. 18, Ex. J.

Based on the same alleged failure to file the required NRCP 16.1(c) report, defendant Schleining filed his own motion to dismiss Iliescu's claims against him. ECF No. 8-5. Plaintiffs responded to Schleining's motion stating: "Iliescu has no substantive legal defense to the position of Third Party Defendant John Schleining and believes that in order to be consistent with prior rulings regarding NRCP 16.1, the Court should grant the Motion and dismiss Iliescus' claims against John Schleining, all without prejudice." ECF No 8-6 at 4. Judge Elliott granted Schleining's motion to dismiss finding that Iliescu admitted it had "no substantive legal defense to the Motion," and that "Iliescu consents to the granting of the Motion and to the dismissal of Iliescu's claims against Schleining without prejudice." ECF No. 8-7 at 7.

Steppan motioned the court to reconsider its order dismissing his claims against Iliescu and attached an affidavit from Judge Adams in which he stated: "At all times, your undersigned District Court Judge and the lawyers practicing before me treated the case as one managed by the Court under Rule 16. The Court did not expect any party to file an early case conference report under Rule 16(e)(2)." ECF No. 18, Ex. K. Upon review, Judge Elliott granted Steppan's motion for reconsideration and denied Illiescu's motion to dismiss. ECF No. 18, Ex. L. While the parties did not provide the court with the court filings, Judge Elliott's order also granted a motion for reconsideration of Hale Lane's motion for summary judgment, and denied the underlying motion in its entirety. *Id.* Judge Elliott's order makes no mention of Schleining's motion to dismiss, and neither party provides any court filing that the decision was reversed—Schleining remained

dismissed from the Steppan Lien Litigation following Judge Elliott's November 22, 2011 order. After 5 more years of litigation, in May 2017, the Nevada Supreme Court held that Steppan failed to "provide Iliescu with the required pre-lien notice," reversed "the district court's order foreclosing Steppan's mechanic's lien," and remanded "the matter to the district court for it to enter judgment in favor of Iliescu." *Iliescu*, 394 P.3d at 936.

Concurrently, in July 2015, the plaintiffs filed another complaint in the Second Judicial District Court against defendant Schleining, Holland & Hart, L.P.,[4] and other individual lawyer defendants (the "second state court action"). ECF No. 8-8. On August 28, 2018, before Schleining filed his answer to the complaint, plaintiffs filed a notice of voluntary dismissal without prejudice, pursuant to NRCP 41(a)(1). ECF No. 8-18.

Plaintiffs then filed the instant action in this court on December 26, 2018 against defendant Schleining, alleging claims for breach of contract and specific performance based on the alleged indemnity agreement. *See* ECF No. 1. Schleining filed a motion to dismiss based on the "two dismissal rule," Federal Rule of Civil Procedure 41(a)(1)(B) ("FRCP"), arguing that because Schleining was dismissed from the Steppan Lien Litigation in 2011 and then voluntarily dismissed by notice in August 2018 from the second state court action, plaintiffs are barred from litigating the same issue a third time before this court. ECF No. 9. Plaintiffs argue that because Schleining was not voluntarily dismissed from the Steppan Lien Litigation under FRCP 41(a)(1), it does not count toward the two-dismissals which would bar plaintiffs from bringing this action. ECF No. 17.

**II. DISCUSSION**

FRCP Rule 41 provides, in relevant part:

(a) **Voluntary Dismissal**.

    1. *By the Plaintiff*.

        (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
            i. a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
            ii. a stipulation of dismissal signed by all parties who have appeared.

---

[4] Formerly, Hale Lane.

5

> (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> 2. *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.
>
> (b) **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

FED. R. CIV. P. 41. "[A] voluntary dismissal is presumed to be 'without prejudice' unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims. This is known as the 'two dismissal rule.'" *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1076 (9th Cir. 1999). "[W]hether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed." *Id.*

"When the second dismissal occurs in state court (as it did here), the two dismissal rule applies only if the state has enacted its own version of the two dismissal rule and would therefore treat the second dismissal as a dismissal with prejudice." *Manning v. South Carolina Dept. of Highway and Public Transp.*, 914 F.2d 44, 47 n.5 (4th Cir. 1990) (citing 9 Wright & Miller at 190-91; *Cf. Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("a federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.")). Until the March 11, 2019 Amendments were adopted,[5] NRCP 41(a)(1) contained the following provision:

///

---
[5] These amendments adopted the federal rule in full.

6

> (a) ***Voluntary dismissal***: *Effect thereof*.
>
>> (1) ***By plaintiff; by stipulation***. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute, an action may be dismissed by the plaintiff upon repayment of defendants' filing fees, without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.
>>
>> (2) ***By order of court***. Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
>
> (b) ***Involuntary dismissal***: *Effect thereof*. For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The court finds that this provision, is substantially similar to the federal rule. Because the Nevada state court has enacted its own version of the two-dismissal rule, the court may treat the second dismissal as with prejudice if the two-step analysis of the two-dismissal rule is met.

First, for the two-dismissal rule to apply, by plain reading of the rule, *the plaintiffs* must have dismissed a first action; the court would note, the rule is not clear how such dismissal must occur. *See ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999) ("The two dismissal rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule. It does, however, state the rule is implicated when 'a *plaintiff* . . . has once dismissed' a claim." (emphasis in original)). Next, the plaintiffs must have dismissed a second state or federal action based on or including the same claim as the first by *notice* of voluntary dismissal. *See Sutton Place Development Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) ("By its own clear terms the 'two dismissal' rule applies only when the second dismissal

is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2)." (internal quotation and citation omitted)). Plaintiffs concede that they filed a notice of voluntary dismissal pursuant to NRCP 41 as to defendant Schleining from the second state court action. Therefore, because part two of the analysis has been met, the issue before the court is whether the following constituted an action that *plaintiff* had *once dismissed*: (1) defendant Schleining motioned the court for dismissal; (2) plaintiffs did not oppose the motion based on the law of the case at the time; (3) the state court granted defendant's motion; (4) when the law of the case changed and dismissal was no longer proper as to defendant Schleining, plaintiffs failed to file a motion for the state court to reconsider its ruling even though plaintiffs filed a motion to reconsider an identical ruling as to a different third-party defendant. Based on these facts, the court cannot find that Schleining's dismissal from the Steppan Lien Litigation constituted a voluntary dismissal such that the two-dismissal rule applies.

Rule 41 provides for several different types of dismissals, and the effect of those dismissals. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Development Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) ("Rule 41 distinguishes between voluntary, or section (a), dismissals and involuntary, or section (b), dismissals on the basis of which party initiates the dismissal."). The two-dismissal rule appears only in part (a)(1), pertaining to voluntary dismissals *by plaintiff* or by stipulation signed by all parties that have appeared. Each subsequent section of the rule explains the effect of the dismissal based on that subsection, but there is no comparable two-dismissal rule provided for in any subsequent section of the rule.

Here, it is clear that Schleining was not dismissed from the Steppan Lien Litigation *by plaintiffs*: he was dismissed by court order on his own motion. While plaintiffs conceded that dismissal was required under the law of the case and the motion was not opposed by plaintiffs, the court cannot find that such a dismissal was *by* plaintiffs. *See Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C. Cir. 1987) ("The term 'voluntary' in Rule 41 means that the party is filing the dismissal without being compelled by another party or the court."). Second, the dismissal was not by stipulation, signed by all parties that appeared. Rather, under this factual scenario, defendant

8

would have needed to move for involuntary dismissal—when defendant believed plaintiffs had failed to follow NRCP 16.1, he could properly move for dismissal under NRCP 41(b). However, neither NRCP 41(b), nor FRCP 41(b), contain a two-dismissal rule like that found in part (a)(1). And like the Eleventh Circuit reasoned, the court sees "no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court." *ASX Inv. Corp.*, 183 F.3d at 1268 (determining that the two-dismissal rule did not apply when the dismissal was by court order on plaintiff's motion under FRCP 41(a)(2)).

While a dismissal under NRCP 41(b) or FRCP(b) would be on the merits unless provided otherwise, Schleining was dismissed from the Steppan Lien Litigation *without prejudice*. Therefore, when plaintiffs dismissed defendant Schleining from the second state court action, it constituted the first voluntary dismissal that implicates the two-dismissal rule, not the second. Accordingly, plaintiffs are not barred by the two-dismissal rule from bringing the instant action against Schleining; his motion to dismiss is denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to dismiss (ECF No. 9) is **DENIED.**

IT IS FURTHER ORDERED that defendant's motion for judicial notice (ECF No. 8) and plaintiffs' motion for judicial notice (ECF No. 21) are **GRANTED.**

IT IS SO ORDERED.

DATED this 1st day of November, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE